IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARTHUR LEE WINCHESTER, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. H-09-0006 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, Texas Department of § | |
| Criminal Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND RECOMMENDATION
DENYING RESPONDENT'S MOTION TO DISMISS**

Petitioner Arthur Lee Winchester filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (2008), challenging the conditions of his release on mandatory supervision. (Docket Entry No. 1). Respondent Quaterman has filed a motion to dismiss, arguing that Winchester is not entitled to federal habeas relief. (Docket Entry No. 11). Winchester has filed a motion in opposition to Respondent's motion to dismiss. (Docket Entry No. 14). After considering all of the pleadings, the state records, and the applicable law, the Magistrate Judge RECOMMENDS that the Respondent's motion to dismiss be denied for the reasons set forth below.

I. Background

On May 12, 1983 Arthur Lee Winchester was convicted of felony robbery and sentenced to 25 years confinement. (Docket Entry No. 1). Petitioner was never convicted of a sexual offense. *Id.*

Petitioner was released to mandatory supervision the first time on April 22, 2003.[1] (Docket Entry No. 7). Petitioner's release on mandatory supervision was revoked in August 2004 for failure to report. *Id.*

On August 28, 2008, the Texas Department of Criminal Justice Parole Division gave Petitioner notice of the upcoming review of his file for possible imposition of sex offender conditions and gave him opportunity to submit a statement and documentation on his behalf; Petitioner did not submit a response. (Docket Entry No. 11-2).

Subsequently, on October 27, 2008 the Texas Department of Criminal Justice, Pardons and Parole Division, issued a "Certificate of Mandatory Supervision" for Arthur Lee Winchester that imposed special conditions "T" and "X". Special condition "T" requires Petitioner to submit to electronic monitoring and special condition "X" requires Petitioner to participate in the sex offender treatment program. (Docket Entry No. 1).

Petitioner was again released on mandatory supervision December 4, 2008 pursuant to the October 27, 2008 "Certificate of Mandatory Supervision." (Docket Entry No. 7). Petitioner was taken into Harris County Jail from April 8, 2009 to May 11, 2009, pursuant to a warrant stemming from a home curfew violation where the Petitioner left his home at six a.m. without approval. (Docket Entry No. 7-2). Petitioner is currently released to mandatory supervision.

Prior to filing this action, Winchester filed a state application for writ of habeas corpus in Texas on February 16, 2009; Petitioner presented the same claims that are now before this court. (Docket Entry No. 12). That application was denied on April 1, 2009, without written order on the findings of the trial court without a hearing by the Texas Court of Criminal Appeals. *Id.*

---

[1] Mandatory supervision in Texas is "the release of an eligible inmate so that the inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(5).

Petitioner Arthur Lee Winchester originally filed a complaint pursuant to 42 U.S.C. § 1983 (2008), alleging that he is being forced to serve his sentence in installments, that the limits on his confinement as part of his mandatory supervision conflict with the mandatory supervision laws that were in effect at the commission of his offense, and that he was deprived of due process. (Docket Entry No. 1). Petitioner's complaints center around the imposition of special conditions "T" and "X" that require Petitioner to submit to electronic monitoring and to participate in the sex offender treatment program. (Docket Entry No. 1).

On January 26, 2009, the Court issued an order directing Petitioner to amend his petition to be an application for a writ of habeas corpus and to name Nathaniel Quarterman as Respondent. (Docket Entry No. 4). Petitioner complied with that order and filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" on February 24, 2009. (Docket Entry No. 5). On April 14, 2009, this court ordered Petitioner to submit a more definite statement. (Docket Entry No. 6). Petitioner complied by filing "Petitioner's More Definite Statement" on May 14, 2009. (Docket Entry No. 7). The Court then found that a preliminary examination of Petitioner's habeas corpus petition established that summary dismissal was not warranted and ordered the parties to answer. (Docket Entry No. 8).

Respondent filed a motion to dismiss on August 18, 2009, arguing that Petitioner's claims are not cognizable in s habeas corpus proceeding. (Docket Entry No. 11). In response, Petitioner then filed "Petitioner's Motion Opposing Respondent's Motion to Dismiss" on September 16, 2009. (Docket Entry No. 14).

II. Discussion

The writ of habeas corpus is a remedy that extends to prisoners "in custody..." 28 U.S.C. §§ 2241(c)(3), 2254(a) (2008). The pending federal habeas petition is governed by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §§ 2244, 2254 (2008), *see also Lindh v. Murphy,* 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to all habeas corpus petitions filed after its effective date of April 24, 1996).

Respondent submits that Petitioner has exhausted his state court remedies and that Petitioner's federal petition is not successive or barred by an applicable statute of limitations. (Docket Entry No. 11).

Petitioner's challenges are to the conditions of his release to mandatory supervision. Specifically, Petitioner complains of special conditions "T" and "X" that require Petitioner to submit to electronic monitoring and to participate in the sex offender treatment program. (Docket Entry No. 5). Respondent contends that Petitioner's claim should be dismissed because his claims are civil rights claims cognizable in a petition for relief under 42 U.S.C. § 1983 rather than a petition for habeas corpus relief. (Docket Entry No. 11). Respondent believes that challenges to conditions of custody necessarily must be made in a petition for relief under 42 U.S.C. § 1983. (Docket Entry No. 11).

For a prisoner in custody in the traditional sense of prison or jail, the law is clear. *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). A prisoner must pursue habeas corpus relief if the prisoner challenges the fact or duration of the prisoner's confinement. *Id.* A prisoner must pursue a civil rights action if the prisoner challenges the rules, customs, and procedures affecting conditions of confinement. *Id.; See also Spina v. Aaron,* 821 F.2d 1126, 1128 (5th Cir. 1987). However, the law is less clear when determining whether a prisoner released to mandatory supervision is challenging the fact or duration of the prisoner's confinement or the conditions of the prisoner's confinement. *De la Cerda v. Dretke*, No. Civ. A. H-05-1270, 2005 WL 2656349, at *5 (S. D. Tex. Oct. 17, 2005).

Here Winchester seeks relief from restrictions imposed as part of his mandatory supervision. The Firth Circuit has only one unreported case on this issue, *De la Cerda v. Dretke*. *Id.* Though unreported and not binding precedent on this court, *De la Cerda* is persuasive. De la Cerda, a prisoner released to mandatory supervision, filed a writ of habeas corpus and made untraditional challenges to conditions of his release. *Id.* at *1. De la Cerda complained about his temporary placement in a community confinement center and his required participation in an electronic monitoring program. *Id*. The court in *De la Cerda* determined that De la Cerda's complaints were challenges to the "fact of constraints imposed upon his liberty" and the court therefore concluded that habeas corpus review was available. *Id.* at *6.

In like manner, the Seventh Circuit, has held that a writ of habeas corpus is the proper method for a parolee to attack a restrictive condition of parole. *Williams v. Wisconsin,* 336 F.3d 576, 579 (7th Cir. 2003). Williams filed a petition for relief under 42 U.S.C. § 1983 challenging a restriction of his parole that prevented him from traveling outside the United States. *Id.* at 576. The Court in *Williams* stated that the restrictions placed on a parolee create boundaries on the parolee's freedom and are the reason parolees remain "in custody" and may initiate an attack against those restrictions through a writ of habeas corpus. *Id.* at 579. The Court in *Williams* explained "eliminating or changing one of the restrictions would alter the confinement: 'figuratively speaking, one of the 'bars' would be removed from the [the probationer's cell]." *Id.* at 580 (quoting *Drollinger v. Milligan,* 522 F.2d 1120, 1225 (7th Cir. 1977)). The *Williams* court then dismissed the 42 U.S.C. § 1983 case for failure to state a claim. *Id.* at 582.

Respondent argues that *Coleman v. Dretke* is the applicable Fifth Circuit decision. 395 F.3d 216 (5th Cir. 2004). Coleman was a state prisoner convicted of misdemeanor assault, released on mandatory supervision with the conditions that he register as a sex offender and participate in sex

offender therapy. *Id.* at 219. Coleman's release on mandatory supervision was revoked for not complying with the challenged restrictions. *Id.* Coleman then filed a habeas petition asserting that the state violated his due process rights by imposing those conditions on his parole without prior notice or hearing. *Id.* The court stated in a footnote that Coleman properly brought suit under the habeas statute because his release to mandatory supervision had been revoked and he was re-confined. *Id.* at n. 2.

Respondent argues that *Coleman* disallows a prisoner from challenging restrictions on the prisoner's mandatory supervision through a petition for habeas corpus, unless the prisoner is re-confined. *Coleman* did state, in a footnote, that because Coleman sought release, he correctly brought suit under the habeas statute. *Id. Coleman* does not hold that a prisoner need be re-confined to challenge restrictions of the prisoner's mandatory supervision through a petition for habeas corpus.

In *Coleman II*, the Fifth Circuit clarified its holding in *Coleman*. *Coleman v. Dretke,* 409 F.3d 665 (5th Cir. 2005). *Coleman II* directly addressed the *Coleman* dissent's argument that Coleman was required to bring his case under 42 U.S.C. § 1983 as a challenge of conditions to confinement. *Id.* At 670. The court found that even if Coleman's challenge could be viewed as a conditions of confinement case, 42 U.S.C. § 1983 is not the exclusive claim available to Coleman. *Id.* The court noted that neither the Supreme Court nor the Firth Circuit has held that certain claims must be brought under 42 U.S.C. § 1983 rather than 28 U.S.C. 2254. *Id.; See Docken v. Chase,* 393 F.3d 1024, 1030 n.6 (9th Cir. 2004), *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973). *Coleman* does not support Respondent's position.

The challenges made in *De la Cerda, Williams,* and *Coleman* are similar to the challenges made in the instant case. Although the petitioner in *Williams* complained of restrictions placed on him during release on parole, not release to mandatory supervision, that distinction is immaterial to the

challenges made in this case. In fact, once released, an inmate on mandatory supervision is considered to be on parole. TEX. GOV'T CODE § 508.147(B) (Vernon 2004).

Winchester challenges the fact of constraints imposed on his liberty. If Winchester is successful, removal of the restrictions placed on his mandatory supervision would remove one of the "bars" of his confinement. Further, even if Winchester's claim could be viewed as a challenge to a condition of his confinement, he is not excluded from asserting his claim though a habeas corpus petition.

### III. Conclusion and Recommendation

Based on the foregoing and the conclusion that Petitioner's claims are subject to review under 28 U.S.C. § 2254, the Magistrate Judge

RECOMMENDS that Respondent's Motion to Dismiss (Docket Entry No. 11) be DENIED, and that Respondent be ordered to file a further responsive pleading.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 14th day of December, 2009.

Frances H. Stacy
United States Magistrate Judge